<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

LISA STEINAGEL,                     )
                                    )        Civil Action
              Plaintiff             )        No. 12-cv-05645
                                    )
        vs.                         )
                                    )
VALLEY ORAL SURGERY,                )
                                    )
              Defendant             )

                    *    *    *

APPEARANCES:

        DONALD P. RUSSO, ESQUIRE
              On behalf of Plaintiff

        STEVEN E. HOFFMAN, ESQUIRE
        EDWARD J. EASTERLY, ESQUIRE
              On behalf of Defendants

                    *    *    *

## O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

        This matter is before the court on two defense

motions: (1) Defendant's Motion to Dismiss and/or Strike

Plaintiff's Amended Complaint ("Motion to Dismiss/Strike");[1] and

---

[1]        The Motion to Dismiss/Strike was filed November 28, 2012, together with Defendant's Brief in Support of Motion to Dismiss and/or Strike Plaintiff's Amended Complaint ("Defendant's Brief").  On December 13, 2012, Plaintiff's Brief in Opposition to Motion to Dismiss and/or Strike Plaintiff's Amended Complaint ("Plaintiff's Brief") was filed together with the Declaration of Lisa Steinagel dated December 13, 2012 ("Plaintiff's Declaration").

(2) Defendant's Motion to Strike [Plaintiff's Declaration] ("Motion to Strike Declaration").[2]

For the reasons expressed below, I grant in part, and deny in part, the Motion to Dismiss/Strike and grant the Motion to Strike Declaration.

## SUMMARY OF DECISION

In this matter, plaintiff Lisa Steinagel asserts discrimination claims against her former employer, defendant Valley Oral Surgery.

Because, for the reasons expressed below, I conclude that plaintiff has sufficiently pled a disparate-treatment age discrimination claim, I deny the Motion to Dismiss/Strike to the extent it seeks to dismiss that claim.

However, because I conclude that plaintiff has not pled sufficient facts to state an age-based hostile work environment claim, I grant the Motion to Dismiss/Strike that claim. Moreover, I grant the Motion to Dismiss/Strike to the extent it seeks to strike plaintiff's declaration from consideration in support of plaintiff's opposition to the motion to dismiss as a matter outside the pleadings.

---

[2]       Defendant's Motion to Strike Declaration was filed on January 9, 2013, together with Defendant's Brief in Support of the Motion to Strike.  On January 25, 2013, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Strike Plaintiff's Affidavit ("Plaintiff's Memorandum in Opposition") was filed.

Finally, I grant the Motion to Strike Declaration and strike Plaintiff's Declaration from Plaintiff's Brief in response to the motion to dismiss as a matter outside the pleadings.

## JURISDICTION

Jurisdiction in this case is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction over plaintiff's pendent state-law claims. See 28 U.S.C. § 1367.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims allegedly occurred in Lehigh County, Pennsylvania, which is located within this judicial district.

## PROCEDURAL HISTORY

On March 6, 2012 plaintiff Lisa Steinagel filed a Praecipe for Writ of Summons in the Court of Common Pleas of Lehigh County, Pennsylvania. Plaintiff filed a Complaint on September 5, 2012 asserting a disparate-treatment age discrimination claim against defendant Valley Oral Surgery under the

Age Discrimination in Employment Act ("ADEA")[3] (Count I) and the Pennsylvania Human Relations Act ("PHRA")[4] (Count II).

Defendant removed the case from the Court of Common Pleas of Lehigh County, Pennsylvania to this court on October 2, 2012, and, on October 8, 2012, filed its first motion seeking to dismiss plaintiff's age discrimination claims and to strike paragraphs in plaintiff's first Complaint concerning one purportedly-racial comment made by plaintiff's supervisor.

Plaintiff did not file a brief or memorandum of law in opposition to defendant's first motion to dismiss/strike explaining why the allegations in her initial Complaint were sufficient to state a disparate-treatment age discrimination claim.  Rather, plaintiff filed her Amended Complaint on November 23, 2012.[5]

---

[3]      29 U.S.C. §§ 621-634.

[4]      Act of October 27, 1955, P.L. 744, No. 222, §§ 1-13, as amended, 43 P.S. § 951-963.

[5]      Plaintiff twice attempted to file the Amended Complaint electronically: first on November 16, 2012, and again on November 19, 2012. Electronic filing of a complaint is not permitted under Rule 5.1.2 of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania ("Local Civil Rules").  All initial pleadings must be filed in hard copy with all subsequent material filed electronically except as otherwise provided by the Electronic Case Filing Procedures. E.D.Pa.R.Civ.P. 5.1.2(2)(b).

Specifically, Rule 5.1.2(3)(a) of the Local Civil Rules requires that all complaints be submitted on disk, in PDF format, in addition to a paper format courtesy copy for the court.  The Amended Complaint was properly filed on November 23, 2012.

The Amended Complaint alleges the same two counts of age discrimination contained in the first Complaint -- Count I alleging age discrimination in violation of the ADEA, and Count II alleging age discrimination in violation of the PHRA.[6]

Defendant filed the within Motion to Dismiss/Strike on November 28, 2012.  Plaintiff's Brief was filed on December 13, 2012, together with Plaintiff's Declaration.

On January 9, 2013 defendant filed the within Motion to Strike Declaration.  Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Strike Plaintiff's Affidavit was filed on January 25, 2013.

Hence this Opinion.

**STANDARD OF REVIEW**

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84

---

[6]	Paragraph 43 of the Amended Complaint contains an allegation that "the conduct of the Defendant, as set forth at length hereinabove was discriminated (sic) on the basis of her race."

	However, neither the balance of the Amended Complaint, Plaintiff's Brief, or Plaintiff's Declaration discuss or assert a race discrimination claim under any statute or theory of liability.  Therefore, it is unclear whether plaintiff is asserting a race-based discrimination claim under the PHRA in addition to her age discrimination claims under the ADEA and PHRA.  Nonetheless, I will address plaintiff's purported claim of race-based discrimination.

(1957) (abrogated in other respects by <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief".  Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.  <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[7]

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  <u>Fowler</u>, 578 F.3d at 210 (citing

---

[7]     The Supreme Court's Opinion in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in <u>Twombly</u> applies to all civil suits in the federal courts.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and that plaintiff is entitled to relief. <u>Fowler</u>, 578 F.3d at 210 (quoting <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.  Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940)(internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial

experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible."  Iqbal, 556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (internal quotations omitted).

## FACTS

Based upon the Amended Complaint, and accepting all factual allegations in the Amended Complaint as true, and construing it in the light most favorable to the plaintiff as I must do under the foregoing standard of review, the pertinent facts are as follows.

Plaintiff Lisa Steinagel was hired by defendant Valley Oral Surgery as a receptionist on July 17, 2001.  She was qualified for her position, receiving yearly reviews grading her as "exceptional/outstanding" during her seven years of employment with defendant.[8]

During her employment, plaintiff was placed under the supervision of a new office manager, Maggie Goodrich, who was

---

[8]        Amended Complaint, ¶ 1-5.

"substantially younger" than plaintiff.  At one point during plaintiff's employment, Ms. Goodrich told her that "it was very rare that she ever ha[d] to fire anyone that was hired by her personally, and that it [was] usually people who were hired prior [to her arrival] that she would have to terminate."[9]

### Promotion

Ms. Goodrich created a new position, Front Desk Coordinator, but did not create or provide a job description for that position.  Plaintiff was promoted to Front Desk Coordinator.[10]

### Ms. Goodrich's Remark

While on a work trip with plaintiff and another co-worker named Tyisha, who was of African American descent, Ms. Goodrich stated, "I don't have anything in common with those people."[11]  Plaintiff and Tyisha discussed Ms. Goodrich's remark later because it made them both uncomfortable.  After the trip, another co-worker, Rosie, told Dr. Popowich and Dr. Grimm

---

[9]         Amended Complaint, ¶¶ 6, 15, 42.

[10]         Although plaintiff does not affirmatively aver that she was promoted to Front Desk Coordinator after Ms. Goodrich created it, that fact can be reasonably inferred from plaintiff's averment that "[u]nder Good-rich's supervision, Plaintiff was demoted from Front Desk Coordinator". (Id., ¶ 14.)

[11]         Id., ¶ 8.

(members of the oral surgery practice) of the comment made by
Ms. Goodrich.[12]

      Ms. Goodrich later told plaintiff that she was
disappointed that plaintiff did not tell her that Rosie had
informed the doctors about the comment.  Ms. Goodrich said she
meant no harm by her remark and that she had "black friends."[13]
Plaintiff does not allege the time when these events occurred.

### Demotion

      Later,[14] Ms. Goodrich demoted plaintiff from Front Desk
Coordinator and told plaintiff that she did not meet the
requirements for Front Desk Coordinator and that she was
disappointed in plaintiff's performance.[15]

### Termination

      In September of 2008, plaintiff was undergoing medical
testing for esophageal cancer and felt stressed while awaiting
the results.  On September 18, 2008 plaintiff was "involved in a
verbal altercation" with a substantially younger, pregnant, co-

---

[12]      Amended Complaint, ¶¶ 8-10.

[13]      Id., ¶¶ 11-12.

[14]      Plaintiff does not allege the timing of her demotion.  However,
because the paragraphs concerning plaintiff's demotion follow the paragraphs
concerning Ms. Goodrich's remark, it is reasonable to infer that plaintiff
was demoted after Ms. Goodrich's remark (and plaintiff's reaction to the
remark).

[15]      Id., ¶¶ 7, 14.  Plaintiff does not allege the timing (even
approximately) of her demotion.

worker.[16]  Plaintiff requested a meeting with all co-workers involved in or present during the altercation, as well as all doctors employed by defendant.  Plaintiff's employment was terminated that day.[17]

Plaintiff then requested that a meeting be held the following day, September 19, 2008.  Defendant agreed to such a meeting.  Plaintiff and "[a]ll co-workers involved or present during the altercation the previous day" were supposed to attend the September 19, 2008 meeting.[18]

Defendant "failed to follow through with the agreed upon meeting."  However, plaintiff was called on September 19, 2008 to schedule a meeting on September 22, 2008 for the purpose of discussing the altercation and the previous five months of plaintiff's employment.[19]

Ms. Goodrich did not provide a specific reason for the termination of plaintiff's employment, but stated it was due to the "situation" that occurred.  A letter was sent to plaintiff's husband, Edward Steinagel, Jr., which stated that plaintiff was

---

[16]      Amended Complaint, ¶¶ 18, 33.  Plaintiff subsequently identified this younger employee as "Kaitlin", who "was in her early twenties in 2008." (Plaintiff's Declaration, ¶¶ 1-2.)

[17]      Amended Complaint, ¶¶ 16-24.

[18]      Id., ¶¶ 20-21.

[19]      Id., ¶¶ 22-24.

terminated because a patient was on the phone at the time of the altercation.[20]

Defendant did not perform an investigation or take a personal statement regarding the altercation the previous day. The substantially younger co-worker involved in the September 18, 2008 altercation was not punished.[21]

## DISCUSSION

### Contentions of the Parties

Defendant contends that the Amended Complaint should be dismissed because plaintiff fails to plead sufficient facts to state a plausible claim of age discrimination under the ADEA and PHRA.  Moreover, defendant contends that the paragraphs in the Amended Complaint concerning Ms. Goodrich's remark to plaintiff while traveling on business should be stricken as immaterial to plaintiff's allegations of age discrimination. Finally, in response to the attachment of Plaintiff's Declaration to Plaintiff's Brief, defendant seeks to have Plaintiff's Declaration stricken and to preclude this court from considering the facts contained in that declaration when ruling on the Motion to Dismiss/Strike.

Plaintiff contends that she has alleged sufficient facts to support an inference of age discrimination by showing a

---

[20]        Amended Complaint, ¶¶ 24, 26, 28.

[21]        Id., ¶¶ 19, 25.

younger employee was treated more favorably.  In response to
defendant's request to strike matter from the Amended Complaint,
plaintiff contends that her allegations demonstrate general
discriminatory animus and could support a hostile work
environment claim.[22]  Finally, with respect to defendant's
request to strike Plaintiff's Declaration, plaintiff argues that
her declaration is integral to the Amended Complaint and should
be considered, or, alternately, if plaintiff has not plead
sufficient facts to state a disparate-treatment ADEA claim,
plaintiff should be given leave to amend.

Because it bears on the scope of the factual material
to be accepted as true under the applicable standard of review
and which I will consider when ruling on the Motion to
Dismiss/Strike, I will first address the Motion to Strike
Declaration, and then the Motion to Dismiss/Strike.

### Motion to Strike Declaration

Defendant contends that Plaintiff's Declaration cannot
be considered for the within Motion to Dismiss/Strike because it
is a matter outside the pleadings.

Generally, as noted above with respect to the
applicable standard of review, when ruling on a motion to
dismiss, the court relies on the complaint, attached exhibits,

---

[22]         Plaintiff concedes that she has not asserted such a claim in her
Amended Complaint but notes that the court has discretion in granting leave
to amend.

and matters of public record, including other judicial proceedings.  Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Other matters outside the pleading must be excluded lest the motion to dismiss becomes a motion for summary judgment.  See Fed.R.Civ.P. 12(d).

The United States Court of Appeals for the Third Circuit has stated that an affidavit filed in opposition to a pending motion to dismiss "clearly comprised a matter outside the pleading."  Rose v. Bartle, 871 F.2d 331, 339 n.3 (3d Cir. 1989).  Consideration of the affidavit would require the court to convert the motion to dismiss into a motion for summary judgment.  See Greer v. Smith, 59 Fed.Appx. 491, 492 (3d Cir. 2003).

Plaintiff asserts that Plaintiff's Declaration is "integral to or explicitly relied upon in [plaintiff's] complaint" and, therefore, may be properly considered in a motion to dismiss.[23]  That assertion is incorrect.

Plaintiff's Declaration does not form the basis of the cause of action as did the annual report in In re Burlington Coat Factory, 114 F.3d at 1426 (holding that district court properly considered the 1994 Annual Report attached to

---

[23]      Plaintiff's Motion to Strike Memorandum at page 3 (quoting In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997))(alteration in memorandum).

-14-

defendant's Rule 12(b)(6) motion where plaintiff unambiguously referred to full-year cost data for 1994 in the complaint, and the 1994 Annual Report was the source of that data).

Nor is Plaintiff's Declaration explicitly referred to in her complaint as was the indisputably authentic letter in Miller v. Clinton County, 544 F.3d 542, 550 (3d Cir. 2008) (holding that the district court could properly consider an undisputedly accurate letter referred to throughout the complaint when disposing of a Rule 12(b) motion).

Plaintiff filed her Amended Complaint on November 23, 2012.  Plaintiff signed and dated her sworn declaration on December 13, 2012 (after the November 28, 2012 filing of the within Motion to Dismiss/Strike).  Plaintiff's Declaration is not a matter of public record.  It is not attached as an exhibit to the Amended Complaint.  It is not expressly referred to in the Amended Complaint.

Rather, Plaintiff's Declaration is an attempt to provide supplemental factual averments in support of plaintiff's age discrimination claim in response to the Motion to Dismiss/Strike.  Accordingly, Plaintiff's Declaration is a matter outside of the pleadings which I will not consider when assessing whether plaintiff's Amended Complaint is sufficient to survive the within Motion to Dismiss/Strike.  See Rose, supra. And because, for the reasons expressed below, I conclude that

-15-

plaintiff has plead a disparate-treatment ADEA claim, I do not reach plaintiff's alternative request to further amend her pleading to state such a claim.

### Motion to Dismiss/Strike

#### Disparate Treatment

Both the Amended Complaint and Plaintiff's Brief make clear that plaintiff seeks to assert a claim for age discrimination under a disparate-treatment theory pursuant to the ADEA and PHRA.[24]

The United States Court of Appeals for the Third Circuit has stated that, "[o]rdinarily, to make out a prima facie case under McDonnell Douglas,[25] the plaintiff must show (1) that she was at least forty years old, (2) that she was fired, (3) that she was qualified for the job from which she was fired, and (4) that she was replaced by a sufficiently younger person to create an inference of age discrimination." Tomasso v. The Boeing Company, 445 F.3d 702, 706 n.4 (quoting Fakete v. Aetna, Inc., 308 F.3d 335, 338 (3d Cir. 2002))(internal quotations omitted); see also Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d Cir. 2003).

---

[24]     See Amended Complaint, ¶¶ 32-37; Plaintiff's Brief at page 9.

[25]     The Third Circuit Appeals Court applies the burden-shifting framework established by McDonnell Douglas Corporation v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny, to employment discrimination claims asserted under the ADEA. Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009) (citing Keller v. Orix Creit Alliance, Inc., 130 F.3d 1101, 1108 (3d Cir. 1997)).

Ultimately, age cannot be simply a motivating factor, but rather a plaintiff "must prove that age was the 'but-for' cause of the employer's adverse decision."  Gross v. FBL Financial Services, 557 U.S. 167, 175-76, 129 S.Ct. 2343, 2349-2350, 174 L.Ed.2d 119, 128-29 (2009).

The averments in the Amended Complaint satisfy the first, second, and third elements of plaintiff's prima facie case: she is forty-five years old, she received positive work reviews during her seven years of employment with defendant, and she was terminated by defendant.  See Palma v. Volunteers of America, 2006 U.S.Dist. LEXIS 5176, *8-9 (E.D.Pa. Feb. 10, 2006)(McLaughlin, J.).

The fourth element requires the plaintiff to demonstrate that the termination of her employment occurred under circumstances supporting a plausible, reasonable inference of age discrimination.

In her Amended Complaint, plaintiff does not allege that defendant replaced her with anyone, much less aver facts suggesting that she was replaced by a sufficiently younger employee so as to support a reasonable inference of age discrimination.

However, plaintiff is correct that replacement by a younger employee is not strictly required for plaintiff to establish a prima facie case of age discrimination.[26]

A plaintiff who does not plead replacement by a sufficiently younger employee must nonetheless plead sufficient facts to support a reasonable inference of age discrimination. See Sarullo, 352 F.3d at 797.  An inference of discriminatory action can arise from showing either that plaintiff was replaced by a younger individual or that similarly-situated younger employees were treated more favorably.  See Palma, 2006 U.S.Dist. LEXIS 5176 at *9.

Specifically, an ADEA plaintiff may establish the fourth element of her prima facie case under McDonnell Douglas by showing that the defendant-employer has treated similarly situated, sufficiently-younger employees more favorably.  See Johnson v. Delaware County Juvenile Detention Center, 2013 U.S.Dist. LEXIS 77923, *38 (E.D.Pa. June 3, 2013)(Dalzell, J.)(quoting Maxfield v. Sinclair International, 766 F.2d 788, 793 (3d Cir. 1985)); Kelly v. Drexel University, 907 F.Supp. 864, 872 (E.D.Pa. 1995)(Reed, J.), aff'd 94 F.3d 102, 109 (3d Cir. 1996).

---

[26]    Plaintiff states that an ADEA plaintiff need not necessarily plead she was replaced by a younger individual, but rather a showing that younger employees were treated more favorably is sufficient. (Plaintiff's Brief at page 8, citing Johnson v. Delaware County Juvenile Detention Center, 2012 U.S.Dist. LEXIS 35732 (E.D.Pa. Mar. 16, 2012)(Dalzell, J).

In order to show that plaintiff was treated less favorably than similarly situated, younger employees, plaintiff must establish "that the other employee's acts were of 'comparable seriousness' to [her] own infraction." Anderson v. Haverford College, 868 F.Supp. 741, 745 (E.D.Pa. 1994)(Joyner, J.)(citing Lanear v. Safeway Grocery, 843 F.2d 298, 301 (8th Cir. 1988)).[27]

Furthermore, plaintiff must allege facts supporting a reasonable inference that she and her co-worker "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id. (citing Mitchell v. Toledo Hospital, 964 F.2d 577, 583 (6th Cir. 1992)).

Here, plaintiff alleges that her employment was terminated on the day that she was involved in a verbal altercation with a substantially-younger co-worker. Moreover, plaintiff alleges that "[s]aid co-worker remained employed with no sanctions from the verbal altercation that arose by her."[28]

In other words, plaintiff alleges that (A) a substantially younger co-worker instigated a verbal altercation with

---

[27] Although Anderson is a Title VII/PHRA case rather than an ADEA/PHRA case, Title VII and ADEA caselaw is often used interchangeably because they "serve the same purpose -- to prohibit discrimination in employment against members of certain classes. Therefore, it follows that the methods and manner of proof under one statute should inform the standards under the others as well." Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 157 (3d Cir. 1995).

[28] Amended Complaint, ¶¶ 33-34.

plaintiff, and (B) plaintiff was fired for her involvement in that altercation while the substantially-younger employee who started the altercation was not reprimanded or punished in any way.

Although the Amended Complaint does not provide specifics concerning the September 18, 2008 altercation, plaintiff's allegations that the younger co-worker started the altercation but was not disciplined in any manner (while plaintiff was fired), when taken as true, is sufficient to satisfy the fourth element of plaintiff's prima facie case of disparate-treatment age discrimination under the ADEA and PHRA.

Accordingly, the Motion to Dismiss/Strike is denied to the extent that it seeks to dismiss plaintiff's disparate-treatment age discrimination claims from Counts I and II of the Amended Complaint.

### Hostile Work Environment

In addition to plaintiff's disparate-treatment claim of age discrimination, the Amended Complaint and Plaintiff's Brief are each peppered with the phrase "hostile work environment."[29]

Plaintiff concedes that she has not sufficiently pled a separate claim for age discrimination based on a hostile work

---

[29]     See Amended Complaint ¶¶12-13, 31; Plaintiff's Brief at pages 3, 11-13.

environment theory.  However, she notes that the court has discretion to grant leave to amend for the purpose of stating such a claim.[30]

To the extent that Plaintiff's Brief makes an implied request for leave to amend to include an age discrimination claim based upon a hostile work environment theory under the ADEA and PHRA, that request for leave to amend is denied.

While a district court generally permits curative amendment, such amendment need not be allowed when it would be futile.  Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).

"Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted.  In re Burlington Coat Factory, 114 F.3d at 1434 (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).  In assessing "futility," the district court applies the same standard of legal sufficiency as it applies under Rule 12(b)(6). Id.

In Slater v. Susquehanna County, the United States Court of Appeals for the Third Circuit, "assume[d], without deciding, that the ADEA makes available a hostile work environment claim for age-based discrimination, analyzed under the same standards as a Title VII hostile work environment

---

[30]        Plaintiff's Brief at page 13.

claim."  465 Fed.Appx. 132, 138 (3d Cir. 2012)(citing Brennan v.
Metropolitan Opera Association, Inc., 192 F.3d 310, 318 (2d Cir.
1999), and Crawford v. Medina General Hospital, 96 F.3d 830, 834
(6th Cir. 1996)).

        Later that year, in Culler v. Secretary of United
States Veterans Affairs, the Third Circuit noted that, although
it had yet to decide whether a hostile work environment claim is
cognizable under the ADEA, plaintiff's allegations were
insufficient to state an ADEA hostile work environment claim,
assuming such a claim was cognizable.  2012 U.S.App.
LEXIS 26019, at *4-9 (3d Cir. December 21, 2012).

        To state a hostile work environment claim, plaintiff
must aver sufficient facts to "show that [her] workplace was
'permeated with discriminatory intimidation, ridicule, and
insult that is sufficiently severe or pervasive to alter the
conditions of [her] employment and create an abusive working
environment.'"  Culler, 2012 U.S.App. LEXIS 26019, at *6; see
also Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 240-
241 (2d Cir. 2007).

        Moreover, and equally important, plaintiff's factual
averments must make it plausible that plaintiff was subjected to
the severe or pervasive hostility "because of the employees
protected status".  Culler, 2012 U.S.App. LEXIS 26019, at *6
(quoting Andreoli v. Gates, 482 F.3d 641, 643 (3d Cir. 2007)

(internal quotations omitted); see Kassner, 496 F.3d at 241
(quoting Brennan, 192 F.3d at 318).

Here, there are no factual averments in plaintiff's
Amended Complaint, or included in Plaintiff's Declaration, that,
when taken as true, suggest, or render plausible, a claim that
plaintiff was subjected to severe or pervasive hostility on the
basis of her age.

Plaintiff's Brief states, in pertinent part:

> Here, the Plaintiff has alleged adequate
> facts to support her allegation of a hostile work
> environment for purposes of her ADEA claim.  Plaintiff
> alleges numerous instances of harassment as evidence
> of ongoing antagonism.  Granted, the Plaintiff has not
> alleged hostile work environment discrimination as a
> discrete cause of action.  Instead, she alleges the
> existence of a hostile work environment to
> substantiate her claim that she was treated in a
> disparate, discriminatory fashion.  However, if
> necessary, this Honorable Court has the discretion to
> allow the Plaintiff to amend her pleading to allege
> hostile work environment discrimination.  The decision
> whether to grant or to deny a motion for leave to
> amend rests with the sound discretion of the district
> court.[31]

I interpret plaintiff's position, based upon the above
quoted language, to be that she is asserting ADEA and PHRA
claims in the Amended Complaint under both a disparate-treatment
theory and a hostile work environment theory.[32]

---

[31]        Plaintiff's Brief at page 13.

[32]        See Id.

For the reasons discussed above, the factual averments in the Amended Complaint fail to state a plausible hostile work environment claim based upon plaintiff's age.  Accordingly, I dismiss plaintiff's age-based hostile work environment claim from Count I and Count II of the Amended Complaint.

Moreover, to the extent that plaintiff's seeks leave to further amend her pleading with respect to her hostile work environment claim, that request is denied because (1) plaintiff's first round of amendments to pleading (after having its potential deficiencies pointed out in defendant's first motion to dismiss) failed to provide additional and sufficient factual support for her age-based hostile work environment claim; and (2) neither Plaintiff's Brief, nor Plaintiff's Declaration, suggest that there is any additional factual information which plaintiff might add to a second amended complaint that would be sufficient to state an age-based hostile work environment claim. Accordingly, I conclude that further amendment concerning an age-based hostile work environment claim would be futile.

<u>Race Discrimination</u>

As explained below, it is clear that plaintiff fails to state a claim of race discrimination under the PHRA. However, it is far from clear that plaintiff is even attempting to assert such a claim.

Plaintiff's initial Complaint in this case did not assert a claim pursuant to Title VII, nor did it contain any allegation of race discrimination pursuant to the PHRA. However, in her Amended Complaint, plaintiff added paragraph 43 to Count II, which states that "[t]he Plaintiff believes, and therefore avers, that the conduct of the Defendant, as set forth hereinabove was discriminated [sic] on the basis of her race."[33]

Whichever allegation plaintiff was attempting to communicate in paragraph 43, it constituted a final conclusory allegation.  As indicated in the above standard of review, "any legal conclusions asserted may be disregarded."  Moreover, nowhere else in the Amended Complaint or Plaintiff's Brief does plaintiff state that she is asserting a race discrimination claim under the PHRA.

Indeed, in the "Procedural History" portion of Plaintiff's Brief, she states that her "Complaint set forth causes of action for age discrimination pursuant to the [ADEA] and the [PHRA]" and that her Amended Complaint "brings the same

---

[33]         Amended Complaint, ¶ 43.  It is unclear what plaintiff meant by the clause, "Plaintiff…avers that the conduct of the Defendant…was discriminated on the basis of her race."  She might have meant to allege that the conduct was <u>discrimination</u> on the basis of her race.  Or she might have intended to convey that the defendant (through Mrs. Goodrich in making the remark in reference to an African American coworker that "I don't have anything in common with those people") was discriminating against the co-worker on the basis of her race.

causes of action against [Valley Oral Surgery] for <u>age</u> discrimination pursuant to the ADEA and PHRA."[34]

Conspicuously absent from Plaintiff's Brief is any assertion that she is advancing a race-based hostile work environment claim under the PHRA.  Similarly, an explanation of how the facts averred in her Amended Complaint (the first pleading where an express, albeit passing, reference to race discrimination is made) are sufficient to establish a race-based hostile work environment claim is absent from Plaintiff's Brief.

Even if plaintiff is attempting to assert a race-based hostile work environment claim pursuant to the PHRA in Count II of the Amended Complaint, the single race-based remark allegedly made by Ms. Goodrich to plaintiff is insufficient to state such a claim.

To establish a prima facie case of hostile work environment under Title VII, a plaintiff must prove that: (1) she suffered intentional discrimination because of her protected classification or activity; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present.  <u>Jensen v. Potter</u>, 435 F.3d 444, 449 (3d Cir. 2006).

---

[34]        Plaintiff's Brief at pages 1-2 (emphasis added).

Courts must consider the totality of the circumstances when determining whether discrimination was severe or pervasive. This includes "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Faragher v. City of Boca Raton, 524 U.S. 775, 787-88, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662, 676 (1998)(quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 23, 114 S.Ct. 367, 371, 126 L.Ed.2d 295, 302-303 (1993)).

Title VII is violated when the workplace is permeated with "discriminatory intimidation, ridicule, and insult." Harris, 510 U.S. at 21, 114 S.Ct. at 371, 126 L.Ed.2d at 302-303.  Utterance of an "epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to implicate Title VII." Id.

The number of incidents of harassment is but one factor to be considered in the totality of the circumstances. "A Title VII plaintiff does not prove racial harassment or the existence of a hostile working environment by alleging some 'magic' threshold number of incidents." West v. Philadelphia Electric. Co., 45 F.3d 744, 757 (3d Cir. 1995)(quoting Daniels v. Essex Group, Inc., 937 F.2d 1264, 1275 (7th Cir. 1991)).

The analysis is identical under the PHRA.  Goosby v. Johnson &
Johnson Medical Inc., 228 F.3d 313, 317 n.3 (3d Cir. 2000).

Plaintiff expressly pleads the fact supporting her
membership in the ADEA's protected class: specifically, she
avers that she was born June 21, 1963, and, thus, that she was
45 years old at the time of her termination on September 19,
2008.  However, to the extent that plaintiff seeks to assert a
race-based hostile work environment claim under the PHRA,
plaintiff has not clearly pled her race.

Specifically, plaintiff avers the following:

8.  [Ms.] Goodrich was on a work trip with
Plaintiff and [another] co-worker (hereinafter
referred to as "Tyisha") who was of African-American
decent, when [Ms. Goodrich] stated, "I don't have
anything in common with those people".

9.  The comment made both the Plaintiff and
"Tyisha", of African-American decent, uncomfortable to
the point that they both discussed it afterwards.

*   *   *

12.  [Ms.] Goodrich admitted that she meant no
harm and that she had "black friends".  This sparked a
hostile work environment for Plaintiff under [Ms.]
Goodrich's supervision.[35]

It is unclear from these allegations in the Amended
Complaint (and no other allegations serve to clarify the issue)
whether both plaintiff and her co-worker Tyisha are African-
American, or whether the phrase "who was of African-American

---

[35]      Amended Complaint, ¶¶ 8-9, 12.

decent" in paragraph 8, and "of African-American decent" modify only Tyisha, plaintiff's co-worker.  Nor does plaintiff's allegation that Mr. Goodrich's "those-people" comment made both plaintiff and Tyisha uncomfortable suggest plaintiff's race.

Plaintiff's race-based hostile work environment claim, if she is even attempting to assert such a claim, is based upon a single incident in which Ms. Goodman stated, "I don't have anything in common with those people."[36]

Neither Plaintiff's Brief, nor Plaintiff's Declaration, provide any additional facts which would suggest plaintiff could state a plausible claim for racial hostile work environment.

As discussed above, it is unclear whether plaintiff is even attempting to pursue a race-based hostile work environment claim pursuant to the PHRA in Count II of the Amended Complaint. If plaintiff is pursuing such a claim, she has failed (in two iterations of her complaint) to offer anything more than Ms. Goodrich's "I don't have anything in common with those people" remark coupled with the repetitive, conclusory, and generalized assertion that a hostile work environment existed.

Moreover, while it appears that plaintiff may be able to sufficiently plead a prima facie case of age discrimination by averring in a second amended complaint the factual material

---

[36]     Amended Complaint, ¶8.

contained in Plaintiff's Declaration, Plaintiff's Declaration does not contain any additional factual material which would be sufficient to state a plausible race-based hostile work environment claim in a second amended complaint.

Accordingly, and for all the reasons expressed above, to the extent that plaintiff seeks to assert such a claim in Count II of the Amended Complaint, I dismiss that claim with prejudice.

### Motion to Strike Paragraphs in the Amended Complaint

Defendant contends that because plaintiff has not asserted a claim for hostile work environment, paragraphs 8 through 13, along with part of paragraph 31, of the Amended Complaint should be stricken as impertinent, immaterial and scandalous.

Under Federal Rule of Civil Procedure 12(f) "redundant, immaterial, impertinent or scandalous" material may be stricken.  While generally not favored by courts, when the allegations are so unrelated to plaintiff's claims as to be "unworthy of any consideration" a motion to strike pursuant to Rule 12(f) is appropriate.  In re Catanella and E.F. Hutton and Co., 583 F.Supp. 1388, 1400 (E.D.Pa. 1984)(Giles, J.).

Content is immaterial when it "has no essential or important relationship to the claim for relief."  Donnelly v. Commonwealth Financial Systems, 2008 U.S.Dist. LEXIS 28604

(M.D.Pa. Mar. 20, 2008)(citing Delaware Health Care, Inc. v. MCD Holding Co., 893 F. Supp. 1279, 1291-92 (D.Del. 1995)).  Content is impertinent when it does not pertain to the issues raised in the complaint. Id. (citing Cech v. Crescent Hills Coal Co., 2002 U.S.Dist. LEXIS 15731, *117 (W.D.Pa. July 25, 2002)).  Scandalous material "improperly casts a derogatory light on someone, most typically on a party to the action." Id. (citing Carone v. Whalen, 121 F.R.D. 231, 233 (M.D.Pa. 1988)).

Plaintiff included, and defendant seeks to strike, the following paragraphs in the Amended Complaint:

> 8.  Goodrich was on a work trip with Plaintiff and co-worker (hereinafter referred to as "Tyisha") who was of African-American decent, when she stated, "I don't have anything in common with those people".

> 9.  The comment made both the Plaintiff and "Tyisha", of African-American decent, uncomfortable to the point that they both discussed it at afterwards.

> 10.  Upon return of the trip, Plaintiff's co-worker (hereinafter referred to as "Rosie") went and informed Dr. Popowich of the Defendant and then Dr. Grimm of the racial comment directed at Plaintiff. Those doctors then spoke with Goodrich private.

> 11.  The comment was brought up at a later date by Goodrich to the Plaintiff in the defendant's office. Goodrich disclosed to Plaintiff that she was disappointed in her for not mentioning to her that "Rosie" had brought it to a doctor's attention.

> 12.  Goodwich admitted that she meant no harm and that she had "black friends". This sparked a

> hostile work environment for Plaintiff under
> Goodrich's supervision.
>
> 13.  Goodwich from then on changed her behavior
> negatively towards the Plaintiff. Ultimately, the
> work environment turned hostile.

Defendant also moves to strike the portion of paragraph 31 of the Amended Complaint which states that "[t]he Defendant allowed Plaintiff to work in a hostile work environment throughout the year of 2008."

For the reasons expressed previously in this Opinion, each of plaintiff's putative hostile work environment claims are dismissed with prejudice and plaintiff's disparate-treatment age discrimination claims under the ADEA (Count I) and PHRA (Count II) are all that remain in the Amended Complaint.  None of the averments in the above-quoted paragraphs are pertinent to plaintiff's disparate-treatment age discrimination claims. Accordingly, I grant the Motion to Strike concerning para- graphs 8-13 and part of paragraph 31 of the Amended Complaint.

## CONCLUSION

For the reasons expressed above, I grant the Motion to Strike Declaration and I strike Plaintiff's Declaration.

Moreover, I deny the Motion to Dismiss/Strike to the extent that it seeks to dismiss plaintiff's disparate-treatment age discrimination claims under the ADEA (Count I) and PHRA (Count II). However, to the extent that plaintiff attempted to

assert an age- or race-based hostile work environment claim, these claims are dismissed with prejudice.

Finally, I grant the Motion to Dismiss/Strike to the extent it seeks to strike paragraphs 8-13 and part of paragraph 31 because the averments contained in those paragraphs are immaterial and irrelevant to plaintiff's disparate-treatment age discrimination claims.